United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASMINDA WEBB, on behalf of herself and others similarly situated, | No. C. 13-00737 RS |
| Plaintiff, | **ORDER ON DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S NON-DISPOSITIVE RULING** |
| v. | |
| HEALTHCARE REVENUE RECOVERY GROUP LLC, | |
| Defendant. | |

In this putative class action, plaintiff Jasminda Webb alleges defendant Healthcare Revenue Recovery Group LLC ("HRRG") made calls to her cellular telephone in violation of the Telephone Consumer Protection Act. Following a dispute regarding the scope of pre-certification discovery, the magistrate judge assigned to this action ordered HRRG to produce certain documents and materials. HRRG seeks review of the magistrate's non-dispositive ruling. For the following reasons, the objection is overruled. In addition, counsel for Webb is prohibited from using HRRG's call list to contact putative class members without court approval.

Case No. 13-cv-00737 RS

## I. BACKGROUND

Defendant HRRG is an agency that collects debts for Health Care Financial Services, a billing company for a nationwide network of medical care service providers.[1] Plaintiff Jasminda Webb alleges HRRG violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by using an automated dialing machine to place numerous unauthorized calls to her cellular phone in March and April 2012. She further alleges these calls resulted in voicemail messages using an "artificial or prerecorded voice." *See id.* § 227(b)(1)(B). According to Webb, HRRG never received her "prior express consent" to place these calls, which she claims regarded the alleged debt of another person. (Compl. ¶ 12).

Webb filed this putative class action in February 2013, seeking damages for HRRG's alleged intentional and negligent violations of the TCPA. She proposes a class comprised of:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to such calls within the four years prior to the filing of this Complaint[.]

(Compl. ¶ 13). Webb, seeking evidence to support a forthcoming motion to certify the putative class, propounded various document requests. HRRG refused to abide by several of Webb's requests. The parties submitted a joint discovery letter in November 2013, at which point the dispute was referred to a magistrate judge. Civ. L. R. 72-1.

Webb sought to compel production of (1) any and all documents relating to, regarding, or including "outbound dial lists" of all telephone numbers called by HRRG using autodial within the preceding four years, (2) all documents showing that HRRG had "prior express consent" to call Webb, and (3) manuals of HRRG's autodialer software and hardware. In an order issued by the magistrate judge on December 3, 2013, Webb's request was granted in part and denied in part. The order generally found that while the requested discovery is relevant to class certification, Webb failed to "establish[] the proportionality of her requests." (Order Granting in Part and Denying in Part Discovery Requested by Plaintiff, ECF No. 27). The magistrate judge ordered HRRG to produce (1) one year of autodial records, (2) any documents showing "prior express consent" that

---

[1] According to HRRG, in the four years prior to the filing of this action, approximately 10 million delinquent accounts were placed with HRRG for collection.

2

HRRG plans to use in opposing Webb's motion for class certification, and (3) all hardware and software manuals for HRRG's automated dialer. HRRG filed an objection on December 17, 2013, arguing the magistrate judge erred in ordering production of these materials. Webb filed responsive briefing on January 9, 2014.

## II.   LEGAL STANDARD

In reviewing a nondispositive order issued by a magistrate judge, "[t]his Court's function . . . is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence." *Paramount Pictures Corp. v. Replay TV*, 2002 U.S. Dist. LEXIS 28126, *6 (C.D. Cal. 2002). Rather, a district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

## III.   DISCUSSION

### A.  Outbound Call List

The magistrate judge ordered HRRG to produce all "outbound dial lists" and "reports for each outbound dial list" showing all telephone numbers called by HRRG "utilizing an autodialer" between February 19, 2012 and February 19, 2013. Although HRRG will stipulate to having called at least 100 cellular telephone numbers with its dialing system using an artificial voice, thereby satisfying Rule 23's "numerosity" requirement, the magistrate judge held that the proposed discovery is relevant to other requirements for class certification:

> [N]umerosity is not the only issue. Rather, the proposed discovery of telephone numbers called by autodialer will tend to prove or disprove whether a class is ascertainable, whether Webb is typical of the class, and whether there are questions of fact common to the class.

(ECF No. 27 4:23-26). HRRG contends that, contrary to the magistrate judge's order, the outbound call list bears no relevance to commonality, ascertainability, or typicality.

Federal Rule of Civil Procedure 23(a)(2) requires some "questions of fact and law which are common to the class." To meet this requirement, the plaintiff must show the putative class

3

"suffered the same injury . . . such that the . . . class claims will share common questions of law or fact" with those of the named plaintiffs. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982). The existence of shared legal issues or common facts need only be "minimal." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–1020 (9th Cir. 1998). To establish a common question regarding HRRG's alleged TCPA violations, Webb must show that HRRG called the putative class members (1) using an automated dialer or artificial or prerecorded voice; (2) in non-emergency situations and without prior express consent; (3) on their cellular telephones. 47 U.S.C. § 227(b)(1)(A); *see also Knutson v. Schwan's Home Serv., Inc.*, 2013 WL 3746118 (S.D. Cal. 2013) ("The common question is thus, 'were we all called on our cellular telephones, by an autodialer or artificial or prerecorded voice, on behalf of Schwan's, without having given express consent?'").

HRRG contends that in light of its concession that it called at least 100 cellular telephone numbers utilizing an artificial voice, the requested outbound dial list holds no relevance to the commonality inquiry. In particular, HRRG claims the call list has no bearing on the remaining elements of the TCPA claim, as it "does nothing to establish whether the dialer is an ATDS or whether HRRG had consent to call the telephone number." (Defendant's Objection, 10:7-8, ECF No. 29).[2] Defendants fail to explain why the outbound dial list is irrelevant to establishing whether the calls were made using an ATDS. After all, the magistrate judge specified that the outbound dial list must show "all telephone numbers called by HRRG '*utilizing an autodialer*[.]'" (ECF No. 27 7:11). Accordingly, if HRRG provides the list as described in the order, the document would likely bear on the commonality inquiry. *See Khalilpour v. CELLCO P'ship*, 2010 WL 1267749, at *2 (N.D. Cal. 2010) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."); *see also Knutson*, 2013 WL 3746118, at *8 ("A list of numbers dialed by an autodialer on behalf of Schwan's for a singular purpose could be relevant to [the commonality] inquiry, especially since Plaintiffs claim the cell phone numbers can be reliably identified within the list and used in conjunction with evidence of lack of consent.").

It was not "clearly erroneous" or "contrary to law" for the magistrate judge to conclude the outbound dial list is relevant to commonality. *See* 28 U.S.C. § 636(b)(1)(A). Having established a

---

[2] ATDS stands for "automatic telephone dialing system." *See* 47 U.S.C.A. § 227(a)(1).

4

1 basis for relevance, the magistrate judge was entitled to compel production of the list.  *See Knutson*,
2 2013 WL 3746118, *3 ("[A] magistrate judge has broad discretion to determine and order discovery
3 deemed relevant to the certification of a class.") (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th
4 Cir. 2002)).  Accordingly, it is not necessary to decide whether it was clearly erroneous or contrary
5 to law for the magistrate judge to decide that the list is relevant to satisfying Rule 23's
6 ascertainability and typicality requirements.

7 HRRG further contends that counsel for Webb may be harboring an improper motive in
8 requesting the outbound dial list.  In particular, HRRG suspects the "real motivation" animating
9 Webb's request is her counsel's interest in assembling a "'class list' or list of potential class
10 members prior to certification from which they will or could find additional clients."  (ECF No. 29
11 11:6-8).  Although courts sometimes refuse to allow discovery of putative class members' identities
12 at the pre-certification stage, *see Dziennik v. Sealift, Inc.*, 2006 WL 1455464 (E.D.N.Y. 2006)
13 (citing cases), a purported "class list" is still discoverable if it bears relevance to issues of class
14 certification.  *See Knutson*, 2013 WL 3746118, *4 ("[Schwan's assertion that class lists are
15 presumptively nondiscoverable confuses the issue . . . . Because the class has not yet been certified,
16 this Court must determine whether the information contained in the call list relates to Rule 23(a)'s
17 requirements for class certification.").  Moreover, while HRRG contends the requested discovery is
18 not "[n]ecessry" or "[a]pproriate," it provides no basis to conclude that the magistrate judge's
19 decision was clearly erroneous or contrary to law.  Nor does HRRG offer any persuasive basis for
20 concluding that Webb's motive is "improper."[3]

21 Finally, HRRG contends that if the magistrate judge's order is affirmed, the scope of
22 discovery should be more narrowly circumscribed.  In particular, HRRG argues it would be
23 unreasonably cumulative and duplicative to produce a one-year outbound call list.  Webb initially
24 requested an outbound call list spanning four years.  The magistrate judge, after reviewing a
25 discovery letter brief, requesting and considering supplemental briefing, and holding a hearing,
26 determined that a one-year restriction is appropriate.  Defendants do not demonstrate that the
27 magistrate judge's conclusion should be altered.  Pursuant to a suggestion made by Webb, however,

---

[3] Moreover, in supplemental briefing requested by the magistrate judge, Webb suggested the court "order Plaintiff or Plaintiff's counsel not to call the telephone numbers provided by Defendant unless later approved by the Court."  (ECF No. 23, 7:3-5).

5

counsel for Webb is hereby ordered not to contact any telephone numbers on HRRG's outbound dial list. If a class is certified, Webb must seek leave of court before using the dial list to contact putative class members. Additionally, if a class is not certified, counsel for Webb is prohibited from using the outbound call list for any other purpose.

### B. Evidence of Prior Express Consent

Webb also requested HRRG produce all documents showing it had "prior express consent" to call her using an automated dialing system. The magistrate judge, narrowing the scope of Webb's initial request, ordered HRRG to produce any documents showing "prior express consent" that HRRG will use in opposing class certification. HRRG objects, claiming the order puts it in the "impossible" situation of anticipating the arguments and evidence Webb will use in support of her motion for class certification.

"'[E]xpress consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 n. 1 (9th Cir. 2011). Several courts have ordered TCPA defendants to produce pre-certification discovery pertaining to this affirmative defense. *See, e.g., Stemple v. QC Holdings, Inc.*, 2013 U.S. Dist. LEXIS 99582, *22 (S.D. Cal. 2013). Meanwhile, HRRG provides no authority for its assertion that the magistrate judge's order was clearly erroneous or contrary to law. Accordingly, its objection is unavailing.

### C. Hardware and Software Manuals

Finally, HRRG claims it was improper for the magistrate judge to order production of its "collection software" manuals. (ECF No. 29, 13:14). This argument is premised on an incorrect reading of the order. The magistrate judge did not require HRRG to produce manuals for its collection software. Instead, the magistrate judge only ordered production of hardware and software manuals for HRRG's automated dialer.

### D. HRRG's Compliance with the Order

In opposing HRRG's objection, Webb contends that HRRG has failed to comply with other, non-disputed elements of the magistrate judge's order. HRRG offers no explanation for why it has not abided by those portions of the order to which it does not object.

IV.     CONCLUSION

For the foregoing reasons, the magistrate judge's order issued December 3, 2013 is AFFIRMED. HRRG is ordered to comply with the order forthwith. In addition, counsel for Webb is ordered to comply with the additional restrictions set forth above in Section III-A.

IT IS SO ORDERED.

Dated: 1/29/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE