UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINDA WEBB,<br><br>        Plaintiff,<br><br>    v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC,<br><br>        Defendant. | Case No. 13-cv-00737-JD<br><br>**ORDER GRANTING LEAVE TO FILE THIRD PARTY COMPLAINT**<br><br>Re: Dkt. No. 37 |

This case is a putative class action against defendant Healthcare Revenue Recovery Group, LLC ("HRRG") for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). Plaintiff Jasminda Webb alleges that HRRG used an Automatic Telephone Dialing System ("ATDS") to call her several times on her cell phone without her consent in violation of the TCPA. HRRG alleges that it was misled into calling Ms. Webb by her adult son, Arias Variste, who gave Ms. Webb's phone numbers to a hospital where he received care. HRRG now asks the Court for leave under Fed. R. Civ. P. 14(a)(1) to implead Mr. Variste in the case as a third-party defendant for indemnity and negligent misrepresentation. *See* Dkt. No. 37. The Court held a hearing on HRRG's motion on June 11, 2014. While the Court is sympathetic to plaintiff's points in opposition, particularly with respect to HRRG's delay in seeking impleader, and has concerns about the potential procedural impact of the proposed third-party complaint in this putative class action, it grants the motion for the sake of efficiency and to conserve judicial resources.

## BACKGROUND

HRRG is a collection agency that collects healthcare debt. On February 19, 2013, Plaintiff Webb filed a class action complaint alleging that HRRG violated the TCPA when it called her cell

1   phone for a non-emergency purpose without her prior express consent. *See* Dkt. No. 1. The

2   complaint alleges that HRRG made two calls. *Id*. Ms. Webb alleges that she does not owe HRRG

3   any debt, and never provided her cell phone number to HRRG for any purpose. *Id.*

4       On May 7, 2014, the day before Ms. Webb's deadline to file her motion for class

5   certification, HRRG filed this Motion for Leave to File a Third Party Complaint. HRRG moves to

6   join Plaintiff's adult son, Mr. Variste, as a third-party defendant. Dkt. No. 37. Mr. Variste

7   received hospital care in September 2011, and allegedly stated in his agreement and release form

8   with the hospital that Ms. Webb's cell phone number was his residence number and consented to

9   be called at that number. *Id.* at 4. Mr. Variste did not indicate that the residence number he

10  provided was actually a cell phone number belonging to his mother, Ms. Webb. *Id.* According to

11  HRRG, Mr. Variste misled HRRG into calling Ms. Webb's cell phone, and so he should liable for

12  any losses sustained by HRRG arising from Ms. Webb's claims. *Id.* at 4-5.

13      HRRG states that it first learned it had been calling Ms. Webb's cell phone -- not Mr.

14  Variste's residence -- when it received a demand letter from Ms. Webb's counsel, after which it

15  stopped calling her cell phone. *Id.* HRRG alleges that Ms. Webb has sued approximately nine

16  other collection agencies, and that she did not know HRRG had called her until her lawyers, who

17  were monitoring her voicemail for evidence against other collection agencies, mentioned it to her.

18  *Id.* at 5.

19                            **DISCUSSION**

20  **I.  Leave to File Third-Party Complaint**

21      Impleader under Rule 14 is limited to claims against third parties derivatively based on the

22  original plaintiff's claim. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.

23  1983), *cert. denied*, *Webb v. U.S.*, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). A

24  defendant must obtain leave to file a third-party complaint when more than 14 days have passed

25  since the original answer was served. Fed. R. Civ. P. 14(a)(1).

26      "The decision whether to implead a third-party defendant is addressed to the sound

27  discretion of the trial court." *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th

28  Cir. 1986). In deciding whether to allow a third-party complaint, courts consider: "(1) prejudice to

the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *See Irwin v. Mascott*, 94 F.Supp.2d 1052, 1056 (N.D. Cal. 2000); *Joe Hand Prods., Inc. v. Davis*, No. C 11-6166 CW, 2012 WL 6035538, at *1 (N.D. Cal. Dec. 4, 2012). In proper circumstances, impleading a third party will "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Adm'rs*, 791 F.2d at 777.

HRRG answered the complaint on April 9, 2013, and filed the motion to implead on May 7, 2014. Therefore, HRRG requires leave of the Court to proceed with the third-party complaint. While plaintiff's motion to certify a class is pending, no fact or expert discovery deadlines, dispositive motion cut-off or trial dates have been set.

### A. Prejudice to Plaintiff

Ms. Webb has failed to show that she will be prejudiced by allowing impleader. Ms. Webb's main prejudice argument is that impleader of her son as a third-party defendant is a pressure tactic intended to dissuade her from pursuing her claims because victory would impose liability on her son. While the Court shares some concern about the point of impleader in this case, HRRG's possible motives are not a recognized form of prejudice in this context. The analysis of prejudice with respect to Rule 14(a) typically looks at whether allowing impleader would derail case management dates and result in unnecessary delay of trial or other resolution. *See*, *e.g.*, *Universal Green Solutions, LLC v. VII Pac Shores Investors, LLC*, Case No. C-12-05613-RMW, 2013 WL 5272917, at *2 (N.D. Cal. Sept. 18, 2013); *Green Valley Corp. v. Caldo Oil Co.*, No. 5:09-CV-04028-LHK, 2011 WL 3501712, at *8-9 (N.D. Cal. Aug. 10, 2011). Here, granting HRRG's motion will not impact key case management deadlines or trial because they have not yet been set. In addition, allowing the third-party complaint to be filed does not automatically mean HRRG will recover anything against Mr. Variste. The filing of the complaint merely alleges a claim. Whether HRRG will prevail remains to be seen. Consequently, the Court does not find prejudice to be a factor against impleader.

### B. Complication of the Issues at Trial

The second factor, complication of the issues at trial, also does not weigh against granting the motion. Ms. Webb argues that the addition of the two third-party claims will complicate and lengthen trial, and introduce questions extraneous to the "straightforward" TCPA claims in the action. Dkt. No. 41 at 8-9. Ms. Webb also argues that impleader would require "a separate mini-trial as to Mr. Variste's alleged conduct" and that the jury would likely be confused by Defendant "'putting the cart before the horse'" by requiring the jury to consider the indemnity claims before deciding HRRG's liability. *Id.* at 10. The Court has its own concerns about combining a putative class action trial with a third-party impleader case that raises issues relating only to the named plaintiff and not the class.

But these considerations can be addressed through bifurcation or other procedures at trial. *See* Fed. R. Civ. P. 14(a)(4) ("Any party may move to strike the third-party claim, to sever it, or to try it separately.") While granting impleader will create some procedural wrinkles, they will not pose major complications that render impleader inefficient.

### C. Likelihood of Trial Delay

Ms. Webb's arguments about trial delay are not compelling. Ms. Webb contends that, although a trial date has not yet been set, the addition of HRRG's third-party claims will cause delay of the trial because the progress of HRRG's third-party claims will be 15 months behind this litigation. *See* Dkt. No. 41 at 11. This contention overstates the posture of the case. HRRG has already obtained some discovery on the third-party claims. *See* Dkt. No. 37 at 7. In addition, the proposed third-party complaint is factually and legally uncomplicated. The Court believes that the parties will be able to move to trial or other resolution without significant delay from impleader, and therefore does not find that this factor weighs against granting the motion.

### D. Timeliness of Motion

The fourth factor, timeliness of the motion to implead, counts against HRRG but not fatally so. Although this case has been pending since February 19, 2013, HRRG states that it did not become aware of facts supporting impleader until it deposed Mr. Variste on November 22, 2013. Dkt. No. 37 at 5. Ms. Webb contends that HRRG knew, or reasonably should have known,

4

about the potential claims against Mr. Variste long before November 2013. Dkt. No. 41. Even giving HRRG every benefit of the doubt by starting the clock in November 2013, it inexplicably waited until May 7, 2014, to file the motion for impleader. Dkt. No. 37. In other circumstances, this delay might have been grounds for denying the motion. But given the absence of trial and pretrial deadlines at this stage, and the lack of prejudice to Ms. Webb, HRRG's delay alone does not bar its request.

Overall, efficiency and economy will be best served by allowing impleader and setting resolution of all the claims relating to this action by one court -- this Court. Consequently, the motion is granted.

## II.   Jurisdiction Over Third-Party Complaint

At the motion hearing on June 11, 2014, this Court raised the question of whether diversity jurisdiction was adequately pleaded and requested additional information on that issue. HRRG alleged subject matter jurisdiction over the proposed third-party complaint based on diversity jurisdiction and alternatively on supplemental jurisdiction under 28 U.S.C. § 1367(a).

Diversity of citizenship is not disputed. The issue for diversity jurisdiction is whether the third-party complaint meets the $75,000 minimum amount in controversy required by 28 U.S.C. § 1332 for diversity jurisdiction. Ms. Webb contends that any potential recovery by her will not allow HRRG to meet the minimum amount in controversy because, under the TCPA, her individual damages are statutorily set at $500 for each alleged negligent violation and $1,500 for each knowing or willful violation. *See* Dkt. No. 41 at 13 (citing 47 U.S.C. §§ 227(b)(3)(B)-(C)). Based on the two calls alleged in the complaint, Ms. Webb states that her individual damages will amount to only between $1,000 and $3,000. *Id.* Ms. Webb also asserts that Mr. Variste's alleged conduct is not attributable to HRRG's violations of the putative class' TCPA rights, and therefore there is no basis to claim -- at least for the purpose of establishing the $75,000 minimum amount -- that he is liable for all of the attorneys' fees and costs to date. *Id.* But Ms. Webb does not offer any statutory or case citations on this issue, and did nothing but mention it in a few sentences at the conclusion of her opposition. The Court will leave the potential question of attribution of

discretionary fees in a putative class action for impleader diversity jurisdiction purposes to another occasion when the record and briefing are fully developed.

HRRG raises two main arguments in support of diversity jurisdiction. It argues that the complaint is essentially an indemnity action to allow it to recover not only any damages awarded to Ms. Webb but also the attorneys' fees and costs incurred in defending against Ms. Webb's lawsuit. HRRG states that those fees and costs have already exceeded $75,000, and so the minimum amount in controversy is satisfied for diversity jurisdiction. Dkt. No. 52. HRRG argues that, in the alternative, the Court may exercise supplemental jurisdiction over the claims of the third-party complaint because they form part of the same case or controversy. *Id.*

HRRG's arguments are sufficient to find diversity jurisdiction. In our circuit, attorneys' fees may be included in the amount of controversy under 28 U.S.C. § 1332 "where an underlying statue authorizes an award of attorneys' fees, either with mandatory or discretionary language." *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (affirming district court's inclusion of discretionary attorneys' fees in the amount in controversy in a case involving equitable indemnification claims against a third party).

HRRG's third-party complaint alleges claims for equitable indemnification and negligent misrepresentation. *See* Dkt. No. 37, Ex. A. Equitable indemnification is a type of implied indemnification, and California Code of Civil Procedure § 1021.6 allows a court to award attorney's fees to a person who prevails on a claim for implied indemnity if the court finds

> (a) that the indemnitee through the tort of the indemnitor has been required to act in the protection of the indemnitee's interest by bringing an action against or defending an action by a third person and (b) if that indemnitor was properly notified of the demand to bring the action or provide the defense and did not avail itself of the opportunity to do so, and (c) that the trier of fact determined that the indemnitee was without fault in the principal case which is the basis for the action in indemnity or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict.

Cal. Code. Civ. P. § 1021.6. Thus, HRRG's third-party complaint alleges facts that support an award of attorneys' fees under § 1021.6 subject to the Court's discretion.

Because HRRG has established that a statute authorizing attorneys' fees may apply to its third-party claims, and provided a declaration stating that its fees defending itself against Ms. Webb's lawsuit have already exceeded $75,000, (Dkt. No. 45, Ex. 1), this Court has diversity jurisdiction over the proposed third-party complaint. *See Galt*, 142 F.3d at 1156. The Court does not reach the supplemental jurisdiction issue.

## CONCLUSION

The impleader motion is granted. HRRG will file its third-party complaint by July 3, 2014. A Case Management Conference is set for August 7, 2014 at 10:00 a.m. in Courtroom 11. Based on Ms. Webb's counsel's representation that he will likely represent Mr. Variste, the parties should be able to have a Rule 26(f) conference before the Case Management Conference, and the parties' Case Management Conference statement should provide a plan for expedited discovery to avoid any further delay.

**IT IS SO ORDERED.**

Dated: June 30, 2014

_____
JAMES DONATO
United States District Judge