**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jasminda Webb, Individually and on Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Healthcare Revenue Recovery Group, LLC,**<br><br>Defendants. | Case No: 3:13-cv-00737-JD<br><br>**RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. NO. 58)**<br><br>Judge: Hon. James Donato |

# RESPONSE TO DEFENDANT'S NOTICE OF
# SUPPLEMENTAL AUTHORITY (DKT. NO. 58)

On July 7, 2014, Defendant Healthcare Revenue Recovery Group, LLC ("HRRG" or "Defendant") filed a Notice of Supplemental Authority In Support of Opposition To Class Certification. Such purported "new authority" (Def.'s Notice, Dkt. No. 58, p. 1, ln. 21) should not be considered by the Court because it is not actually "recent" authority, and is nothing more than an improper attempt to enhance Defendant's opposition brief after the deadline to file the opposition brief has long since passed. The order in the case entitled *Legg v. Voice Media Group, Inc.*, Case No. 13-62044-CIV-COHN/SELTZER, 2014 WL 1766961 (S.D. Fla. May 5, 2014), was issued on May 5, 2014, thirty-one (31) days *before* HRRG filed its brief in opposition to Plaintiff's motion for class certification on June 5, 2014 (Dkt. No. 48). Plaintiff filed a reply brief in support of class certification eleven (11) days later on June 16, 2014 (Dkt. No. 50). Defendant should have cited the *Legg* decision in its opposition brief if it wanted to rely upon it. Furthermore, the *Legg* decision is not binding authority and is not even from this Circuit.

Nevertheless, should the Court decide to consider the *Legg* decision, such decision is distinguishable on the "numerosity" prerequisite issue. In *Legg*, the sole evidence relied upon by the plaintiff was a declaration from a retained expert that was not considered by the court because it was deemed speculative. *Legg*, 2014 WL 1766961 at *3. In the present case, however, Plaintiff introduced evidence obtained from Defendant during discovery, discovery orders, as well as a stipulation from the Defendant. *See* Pl.'s Mtn., Dkt. No. 39, 12:2-14:1; *id.* at 2:10-3:5; 10:19-11:1; Pl.'s Reply, Dkt. No. 50, 2:1-3:24. Such evidence is certainly admissible and supportive of the numerosity prerequisite in the case at bar.

Moreover, the *Legg* decision actually helps show that the remaining prerequisites for class certification in this case are satisfied. The *Legg* Court found "commonality" regarding the ATDS issue and the issue of "knowing" violations. *Legg*, 2014 WL 1766961 at *4. The claims

Kazerouni Law Group, APC
Costa Mesa, California

TCPA claims in *Legg* were "typical" because they were "premised upon the same legal theories and arise from the same alleged pattern of conduct." *Legg*, 2014 WL 1766961 at *5.  The *Legg* Court also found the named plaintiff was an "adequate" class representative because "Legg's interests are aligned with those of the Proposed Class, as he and the Proposed Class proceed on similar facts under a shared theory of recovery," and Legg showed a willingness to participate fully in the vigorous prosecution of that case, *see id*. at *5, as is the case with Ms. Webb.

In sum, the Court should not consider Defendant's late attempt to enhance ("add to") its opposition brief with authority that was available prior to the filing of Defendant's opposition brief.  In the event the Court considers the *Legg* decision, it does not provide a basis to find the numerosity prerequisite is lacking in the present case, and such decision further shows why the Court should find that Ms. Webb has satisfied the prerequisites of her TCPA claim.

Date: July 9, 2014                                    **Kazerouni Law Group, APC**

                                                      By: /s/ Abbas Kazerounian
                                                          Abbas Kazerounian, Esq.
                                                          *Attorneys for Plaintiff*